UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALICE TRAPPLER,

        Petitioner,

  v.                                        21-CV-343-LJV
                                                ORDER

EILEEN RUSSELL, *Superintendent
Bedford Hills Correctional Facility*,

        Respondent.

       The *pro se* petitioner, Alice Trappler, is a prisoner confined at the Bedford Hills Correctional Facility.  She has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging her 2013 conviction in New York State Supreme Court, Schuyler County.  Docket Item 1.  Liberally reading the *pro se* petition, the Court construed one of its attachments, *see id.* at 17-44, as a motion for a stay and abeyance.  See Docket Item 8.  On May 25, 2021, the defendant, Eileen Russell, opposed that motion, Docket Item 13, and on June 21, 2021, Trappler replied, Docket Item 15.

       For the reasons explained below, Trappler's motion for a stay and abeyance is denied.

## **DISCUSSION**

       A state prisoner generally may obtain federal habeas relief only after exhausting her claims in state court.  28 U.S.C. §§ 2254(b)(1), (c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete

round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. A petitioner can exhaust claims either through direct appeal or by a collateral proceeding, such as one under New York Criminal Procedure Law section 440.10 ("440.10 motion"). *See Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 190 n.3 (2d Cir. 1982).

When a habeas corpus petition includes both exhausted and unexhausted claims (a "mixed petition"), the court usually should dismiss the petition so that the state courts can decide the unexhausted issues. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). But when certain requirements are met, a court may stay a mixed petition and hold it in abeyance so that the petitioner can return to state court and exhaust the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Specifically, a district court may stay a mixed petition when a petitioner shows that (1) there was "good cause" for her failure to exhaust her claims in state court before bringing the federal habeas corpus petition, (2) the unexhausted claims she is pursuing in state court are not "plainly meritless," and (3) she did not engage in any dilatory litigation tactics. *Id.* at 277-78.

Trappler was convicted in 2013, Docket Item 1 at 1, but argues that she was unable to exhaust certain claims because of her continuing efforts to obtain "voluminous records via F.O.I.L., F.O.I.A., basic records inquiries, and independent investigation of police/prosecutorial assertions," *id.* at 18. She also argues that her ability to perform legal research was limited by COVID-related restrictions and that additional restrictions implemented sometime after the United States Supreme Court denied a writ of certiorari in her direct appeal in March 2020 effectively prevented her from accessing the courts. *Id.* at 19-20. Trappler says that she intends to file a 440.10 motion based on numerous

"Rosario, Brady, [and] Giglio violations" found in 266 pages of "lead worksheets" that "were not originally disclosed to [her] for use during trial."[1]  *Id*. at 20.  She also seeks to pursue a claim of ineffective assistance of counsel that was not exhausted in state court.  *Id.* at 5.

Russell opposes the motion for a stay, arguing that Trappler lacks good cause for failing to exhaust her current claims.  More specifically, Russell argues that Trappler could have raised all the unexhausted claims at any time in the almost two years between April 2018, when she received the last of the documents in response to her FOIL requests, and the onset of the COVID-19 pandemic in March 2020.  Docket Item 13 at 3.  Trappler replies that she was "led to believe" that she should not file a 440.10 motion until after her direct appeal was decided.  Docket Item 15 at 1.

In *Pace v. DiGuglielmo*, the Supreme Court held that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for h[er] to file in federal court."  544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 278).  Some courts have found that good cause "must arise from an objective factor external to the petitioner which cannot fairly be attributed to . . . her," while others have found it to be "a broader, more forgiving concept."  *See Miller v. Graham*, 2019 WL 1506969, at *2-3 (W.D.N.Y. Apr. 5, 2019) (collecting cases and noting that because the Supreme Court only once has clarified what it meant by good cause for a stay and abeyance, district courts have defined the term in various ways).

---

[1] Trappler contends that, among other things, the worksheets include references to previously undisclosed evidence, witness interviews, missing pages of a firearms report, and potentially exculpatory information.  Docket Item 1 at 21-43.

3

Trappler has not shown good cause for her failure to exhaust certain claims under either standard. The only reason Trappler gives for not exhausting her state remedies before March 2020 was her belief that a 440.10 motion should not be filed until after the direct appeal was decided. Docket Item 15 at 1 (explaining that she thought that such a motion would be "dismissed or held until the appellate decision was rendered"). She also acknowledges that the claims she intends to bring in a 440.10 motion have not been adjudicated in state court. *See, e.g.*, Docket Item 1 at 20 (listing "[i]ssues to be presented in state court for exhaustion"). But that is not the type of confusion the Supreme Court described as "reasonable confusion" in *Pace*. *See, e.g.*, *Keating v. New York*, 708 F. Supp. 2d 292, 299-300 (E.D.N.Y. 2010) (noting that "reasonable confusion" refers to situations where a petitioner who, while trying in good faith to exhaust state remedies, is "confused [about] whether his claims were properly exhausted in state court") (quoting *Fernandez v. Artuz*, 2006 WL 121943, at *4 (S.D.N.Y. Jan. 18, 2006)).

Moreover, New York law is quite clear: A motion to vacate judgment under section 440.10 can be brought "[a]t any time after the entry of" the judgment of conviction. N.Y. Crim. Pro. L. § 440.10(1). So Trappler could have pursued any unexhausted claims not properly raised on direct appeal at any time, and her ignorance of the law or state legal procedures does not constitute good cause. *See Reyes v. Lamanna*, 2019 WL 5425494, at *2 & n.3 (S.D.N.Y. Oct. 23, 2019); *Ramirez v. Superintendent of Shawangunk Corr. Facility*, 2019 WL 3714992, at *4 (S.D.N.Y. Aug. 6, 2019) (holding that being unaware of a 440.10 motion or how to bring one "would not qualify as 'reasonable confusion' within the meaning of *Pace*"); *Holguin v. Lee*, 2013 WL

3344070, at *3 (S.D.N.Y. July 3, 2013) ("[T]o the extent that [a petitioner] may be ignorant of state law procedures, this lack of knowledge is not enough to demonstrate reasonable confusion.").

Trappler also asserts that as of March 2020, pandemic-related restrictions prevented her from exhausting her claims. See Docket Item 1 at 19-20. But despite the restrictions she cites, Trappler was able to commence this action. And she has not shown that she also is "actively pursuing state remedies, nor that [s]he was in the midst of state court litigation when [s]he filed [her] habeas petition." Ramirez, 2019 WL 3714992, at *4. In fact, Trappler does not state that she has done anything even to begin to exhaust her state court remedies for her unexhausted claims. Docket Item 15 at 1-2. Accordingly, the Court finds that Trappler has not established good cause for her failure to exhaust her claims before filing her petition,[2] and her request is denied.

Because proceeding with a mixed petition requires its denial, Trappler now has two options: (1) dismissal of the petition in its entirety without prejudice to refile, thus permitting her to return to state court to exhaust her claims, or (2) withdrawal of the unexhausted claims, thus permitting the exhausted claims to proceed. See Wesley-Rosa v. Kaplan, 274 F. Supp. 3d 126, 128 (E.D.N.Y. 2017) (citing Francois v. Warden of Sullivan Corr. Facility, 2014 WL 1153920, at *4 (E.D.N.Y. Mar. 19, 2014)). The first

---

[2] Because Trappler has not shown good cause for her failure to exhaust certain state law claims, the Court need not address whether those unexhausted claims are "potentially meritorious." See Miller, 2019 WL 1506969, at *3 n.3; see also Bryant v. Greiner, 2006 WL 1675938, at *5 (S.D.N.Y. June 15, 2006) ("In upholding the stay-and-abeyance procedure, the Supreme Court emphasized that 'the interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims.' The 'plainly meritless' standard sets a low bar for precisely this reason." (quoting Rhines, 544 U.S. at 273, 277)).

option would allow all claims to be considered later in one proceeding but may jeopardize the timeliness of a re-filed petition under the one-year period of limitation under the Antiterrorism and Effective Death Penalty Act of 1996.[3]  28 U.S.C. § 2244(d)(1).  The second option would allow Trappler to pursue her exhausted claims now but may prevent her from bringing the unexhausted, withdrawn claims in a second or successive habeas petition.  See 28 U.S.C. § 2244(b).[4]

Trappler shall advise the Court within 30 days of the date of this order whether she intends to withdraw her unexhausted claims and proceed with her exhausted claims now or to withdraw the petition in its entirety so that she can later pursue all those claims that are still timely.

SO ORDERED.

---

[3] A gateway showing of "actual innocence" would provide relief from the statute of limitations:  a petitioner who shows "actual innocence" is entitled to an equitable exception from the limitations period set forth in § 2244(d).  *Rivas v. Fischer*, 687 F.3d 514, 539 (2d Cir. 2012).  To invoke this exception, however, Trappler would have to "show that it is more likely than not that no reasonable juror would have convicted [her] in the light of the new evidence."  *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  Apart from a showing of "actual innocence," the statute of limitations under § 2244(d) may be tolled upon a showing of reasonable diligence and an "extraordinary circumstance" that prevented timely filing.  *Rivas*, 687 F.3d at 537-38 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

[4] Trappler is forewarned that standing alone, a "claim of actual innocence would not itself be a sufficient basis" for a court "to consider a second or successive habeas application."  *Cosey v. Lilley*, 460 F. Supp. 3d 346, 367 (S.D.N.Y. 2020).  The showing necessary to entertain a second or successive habeas petition "requires not only sufficient evidence of actual innocence, but also a constitutional error."  *Id.*

Dated:  August 25, 2021

       Buffalo, New York

                                                 ***/s/ Lawrence J. Vilardo***
                                                LAWRENCE J. VILARDO
                                                UNITED STATES DISTRICT JUDGE