UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALICE TRAPPLER,

        Petitioner,

    v.                                    21-CV-343-LJV
                                                      DECISION & ORDER

EILEEN RUSSELL, *Superintendent Bedford Hills Correctional Facility*,

        Respondent.

---

        The *pro se* petitioner, Alice Trappler, is a prisoner confined at the Bedford Hills Correctional Facility who has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Docket Item 1.  Trappler claims that her 2013 conviction in Schuyler County Court was unlawfully obtained.  *Id.*  Although Trappler raised two of the grounds in her habeas petition on direct appeal, her other claims had not been adjudicated in state court when she commenced this case.  *See id.*  Because Trappler's petition included both exhausted and unexhausted claims, she moved for a stay and abeyance to allow her to return to state court to exhaust her unexhausted claims.  *Id.* at 17-44.

        This Court denied Trappler's motion on August 25, 2021.  Docket Item 17.  More specifically, this Court found that Trappler's arguments about her confusion regarding a motion under New York Criminal Procedure Law section 440.10 and restrictions related to COVID-19 were not the sort of "good cause" that would warrant granting a stay under *Rhines v. Weber*, 544 U.S. 269 (2005).  Because this Court denied Trappler's request to stay her petition while she pursued her unexhausted claims in state court, it gave her the choice either to withdraw her unexhausted claims and pursue only the exhausted

ones in this Court or to dismiss her entire petition without prejudice and exhaust her remaining claims in state court.  *See id.*

Trappler did not, however, choose between those alternatives.  Instead, on September 20, 2021, Trappler asked this Court to reconsider its decision.  Docket Item 18.  The respondent opposed that motion on October 20, 2021, and Trappler replied on November 12, 2021.  Docket Items 23, 24.

For the reasons that follow, Trappler's motion for reconsideration is denied.

## **LEGAL PRINCIPLES**

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority."  *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Moreover, it is not enough to "merely offer the same arguments already briefed, considered[,] and decided, nor may a party advance new facts, issues[,] or arguments not previously presented."  *Acao v. Holder*, 2014 WL 6460120, at *1 (W.D.N.Y. Nov. 17, 2014) (citation and internal quotation marks omitted).

**DISCUSSION**

As this Court noted in its prior order, a court usually should dismiss a "mixed petition" under 28 U.S.C. § 2254—one containing both exhausted and unexhausted claims—so that the state courts can decide any unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). But if a petitioner satisfies certain requirements, the court may stay a mixed petition and hold it in abeyance to allow the petitioner to return to state court and exhaust the unexhausted claims. Specifically, a district court should stay a mixed petition when a petitioner shows that (1) there was "good cause" for her failure to exhaust her claims in state court before bringing the petition; (2) the unexhausted claims are not "plainly meritless"; and (3) she did not engage in any dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78.

The Supreme Court did not define "good cause" in *Rhines*, however, and "[t]here is disagreement among courts as to what constitutes 'good cause.'" *Ramirez v. Superintendent of Shawangunk Corr. Facility*, 2019 WL 3714992, at *2 (S.D.N.Y. Aug. 6, 2019); *see also Nieves v. Conway*, 2011 WL 2837428, at *2 (E.D.N.Y. July 14, 2011). Some courts have found that "good cause must arise from an objective factor external to the petitioner which cannot fairly be attributed to . . . her," while others have found it to be "a broader, more forgiving concept." *See Miller v. Graham*, 2019 WL 1506969, at *2-3 (W.D.N.Y. Apr. 5, 2019) (citations and internal quotation marks omitted) (collecting cases from both approaches). And since *Rhines*, the Supreme Court has said only that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for [her] to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

In her motion for reconsideration, Trappler again says that her belief that a motion under section "440.10 would best be filed after [her] direct appeal had been decided . . . . constitutes 'good cause'" under *Rhines*. Docket Item 18 at 4. And Trappler once more points to limitations on her access to the prison law library and similar pandemic-related restrictions as an "objective external factor" that constitutes good cause. *See id.* at 2.

But this Court already found both of those grounds unavailing when it denied Trappler's original motion for a stay and abeyance. *See* Docket Item 17. Because Trappler does not show that this is the rare circumstance that would require reconsidering that decision, her motion for reconsideration is denied.

### I.     TIMING OF TRAPPLER'S SECTION 440.10 MOTION

In her motion for a stay and abeyance, Trappler argued that her "confusion on the timing and required content needed to submit a 440 motion to vacate" was the sort of "reasonable confusion" that could constitute "good cause" and warrant a stay. *See, e.g.*, Docket Item 15 at 1. Trappler renews that argument in her motion for reconsideration and says that she "ha[s] established 'good cause' [in her] reasonable confusion as to exactly when a [section] 440.10 motion would be appropriate." Docket Item 18 at 4. And Trappler now offers an affidavit from her appellate attorney, who says that his office "advise[d] [Trappler] to await disposition of her direct appeal prior to filing a [section] 440.10 motion." *Id.* at 10.

In effect, Trappler says that her decision not to pursue a section 440.10 motion until the conclusion of her direct appeal was a tactical one. *See id.* at 4 ("Appellate counsel specifically explained to me a [section] 440.10 motion would best be filed after

4

the direct appeal had been decided."); *see also id.* at 9 (Trappler's attorney affirming that his office advised Trappler to delay filing her section 440.10 motion because "relief on direct appeal[] . . . would likely have obviated the necessity of a post-conviction motion to vacate"). But that sort of tactical decision does not constitute "good cause" under *Rhines*. *See Ramirez*, 2019 WL 3714992, at *3 (reasoning that a "tactical decision" to delay filing does not constitute good cause (citing *Ramdeo v. Phillips*, 2006 WL 297462, at *6 (E.D.N.Y. Feb. 8, 2006)).[1] And as this Court explained in its prior decision, any confusion that Trappler may have had about when a section 440.10 motion should be filed is not the sort of "reasonable confusion" that the Supreme Court was concerned about in *Pace*. *See* Docket Item 17 at 4-5; *see also Keating v. New York*, 708 F. Supp. 2d 292, 299-300 (E.D.N.Y. 2010) ("[D]istrict courts have relied on [*Pace*] to find good cause . . . where the petitioner was confused as to *whether* [her] claims were properly exhausted in state court." (emphasis added)).

For that reason, and for the reasons stated in this Court's prior decision, Trappler has not demonstrated good cause based on her belief about "exactly when a [section] 440.10 motion would be appropriate." Docket Item 18 at 4.

## II.   COVID-19 RESTRICTIONS

Trappler also says that the "extraordinary limitations within the prison system" related to the COVID-19 pandemic are an "external factor" that demonstrates good

---

[1] Nor would Trappler's attorney's failure to file the section 440.10 motion, standing alone, necessarily constitute "good cause." *See Duwe v. Bell*, 2021 WL 4480555, at *2 (E.D.N.Y. Sept. 30, 2021) ("Good cause is not shown[] where a petitioner is aware that retained counsel will not be filing [her] claim in state court, but provides no reason why [she] did not act, such as through filing the motion *pro se*, in light of this information.").

5

cause for her failure to exhaust.  *See id.* at 2.  But this Court already determined that those limitations did not constitute "good cause" or account for why Trappler had not "done anything even to begin to exhaust her state court remedies for her unexhausted claims" before she filed her petition.  *See* Docket Item 17 at 5; *see also Morales v. Covello*, 2020 WL 4593885, at *2 (E.D. Cal. Aug. 11, 2020), *report and recommendation adopted*, 2020 WL 7364942 (E.D. Cal. Dec. 15, 2020) (denying motion for stay and abeyance despite "recent lack of access to the law library" due to COVID-19 because the petitioner "could have begun exhausting his claims at the state level" before restrictions were imposed).  And while Trappler apparently filed her section 440.10 motion after this Court issued its August 25 decision, *see* Docket Item 22, that new development does not change this Court's prior determination that Trappler had not shown that she was "actively pursuing state remedies[] [or] in the midst of state court litigation *when she filed her habeas petition*."  Docket Item 17 at 5 (alterations omitted and emphasis added) (quoting *Ramirez*, 2019 WL 3714992, at *4); *see Acao*, 2014 WL 6460120, at *1 ("[O]n a motion for reconsideration, a party may not . . . advance new facts, issues[,] or arguments not previously presented to the Court." (citation and internal quotation marks omitted)).

      Trappler accordingly has not offered any argument "that might reasonably be expected to alter" this Court's prior conclusion that pandemic-related restrictions do not constitute "good cause" to warrant a stay here.  *See Shrader*, 70 F.3d at 257.

**CONCLUSION**

For the reasons stated above, Trappler has not demonstrated that this Court erred when it denied her initial motion for a stay and abeyance.[2] Trappler's motion for reconsideration, Docket Item 18, therefore is DENIED.

Within 30 days of the date of this order, Trappler shall advise the Court whether she intends to withdraw her petition in its entirety and exhaust her unexhausted claims in state court or withdraw her unexhausted claims and proceed in this Court now.[3]

SO ORDERED.

Dated:   May 20, 2022
         Buffalo, New York

                                                    /s/ Lawrence J. Vilardo
                                                    LAWRENCE J. VILARDO
                                                    UNITED STATES DISTRICT JUDGE

---

[2] Because Trappler has not shown "good cause" for her failure to exhaust, the Court again does not address whether she satisfies the other requirements for a stay under *Rhines*.

[3] As set forth in this Court's prior order, the first option would allow all of Trappler's claims to be considered later in one proceeding but may jeopardize the timeliness of any re-filed habeas petition. Docket Item 17 at 5-6. The second option would allow Trappler to pursue her exhausted claims now but may prevent her from bringing the unexhausted, withdrawn claims in a second or successive habeas petition. *See id.* at 6.